UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Gennady Kosovoy,

            Plaintiff,

v.

NCO Financial Systems, Inc.,

            Defendant.

Civil Action No.: _____

**COMPLAINT**

For this Complaint, the Plaintiff, Gennady Kosovoy, by undersigned counsel, states as follows:

### JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collections Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business here and a substantial portion of the acts giving rise to this action occurred here.

### PARTIES

3. Plaintiff, Gennady Kosovoy (hereafter "Plaintiff"), is an adult individual residing at 1424 Bayridge Avenue, Brooklyn, New York 11219, and meets the definition of "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4. Defendant NCO Financial Systems, Inc. (hereafter "Defendant"), is a Pennsylvania corporation with a principal place of business at 507 Prudential Road, Horsham, Pennsylvania 19044, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C § 1692a(6).

5. The names of the individual collectors are unknown but they will be added by amendment when determined through discovery.

## FACTUAL ALLEGATIONS

6. Plaintiff incurred a financial obligation that was primarily for family, personal or household purposes, and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

7. Thereafter, the debt was purchased, assigned or transferred to Defendant for collection from Plaintiff.

8. The Defendant then began attempts to collect this debt from the Plaintiff, which was a "communication" as defined in 15 U.S.C. § 1692a(2).

9. The Defendant contacted the Plaintiff at his place of employment, despite having information directly from the Plaintiff that the Plaintiff's employer prohibited such communication, in violation of 15 U.S.C. § 1692c(a)(3).

10. In violation of 15 U.S.C. § 1692b(1), the Defendant failed to state that the purpose of the call to the employer was to confirm or correct location information.

11. The Defendant contacted a third party in regards to the Plaintiff's debt two additional times after being asked not to, in violation of 15 U.S.C. § 1692b(3).

12. The Defendant repeatedly harassed and abused the Plaintiff by continuing to engage the Plaintiff in telephone calls and contacting the Plaintiff at his place of employment, after being asked not to.

13. The Plaintiff has suffered actual damages as a result of these illegal collection communications in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy at the Plaintiff's home and place of employment.

## COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692, *et seq.*

14. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

15. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

16. The Defendant contacted the Plaintiff at his place of employment, spoke with the receptionist and Human Resources manager, and failed to state the purpose of the call was to confirm or correct location information, in violation of U.S.C. § 1692(b)(1).

17. The Defendant then contacted the Plaintiff's place of employment two additional times after being specifically asked not to call the Plaintiff at his place of employment during the first communication, in violation of 15 U.S.C. § 1692b(3).

18. The Defendant knew or should have known that the Plaintiff's employer prohibited such contact at the workplace, in violation of 15 U.S.C. § 1692b(3).

19. As a result of Defendant's violations of the FDCPA, the Plaintiff is entitled to damages.

## COUNT II

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

20. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21. The *Restatement of Torts, Second,* § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

22. New York further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendant violated New York state law.

23. Defendant intentionally intruded upon Plaintiff's right to privacy by continually harassing Plaintiff with phone calls to his place of employment, despite knowing such contact was not permitted and after having been asked not to call the Plaintiff's workplace.

24. The conduct of the Defendant in engaging in the illegal collection activities resulted in an invasion of privacy that would be considered highly offensive to a reasonable person.

25. Defendant also intentionally, recklessly, and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, namely, by making illegal contact about this debt to third parties and by contacting Plaintiff's employer, thereby invading Plaintiff's right to financial privacy.

26. As a result of the intrusions and invasions, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

27. All acts of Defendant and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendant is subject to punitive damages.

## COUNT III
### VIOLATIONS OF N.Y. GEN. BUS. § 349 FOR UNLAWFUL DECEPTIVE PRACTICES AND ACTS

28. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. N.Y. Gen. Bus. § 349 declares unlawful any deceptive acts and practices in the conduct of any business, trade, or commerce within the state of New York.

30. The Defendant has contacted Plaintiff at her place of employment without permission.

31. The Defendant's acts constitute repeated and persistent deceptive acts and practices, in violation of N.Y. Gen. Bus. § 349.

32. As a result of Defendant's violations of N.Y. Gen. Bus. § 349, Plaintiff is entitled to damages.

## COUNT IV
### VIOLATIONS OF N.Y. GEN. BUS. § 601 PROHIBITED PRACTICES IN DEBT COLLECTION PROCEDURES

33. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34. Plaintiff is a "debtor" and Defendant is a "principal creditor" as defined under the N.Y. Gen. Bus. § 601.

35. Defendant, in violation of the N.Y. Gen. Bus. § 601, "Communicate[d] or threaten[ed] to communicate the nature of a consumer claim to the debtor's employer prior to obtaining final judgment against the debtor," and additionally, "Threaten[ed] any action which the principal creditor in the usual course of his business does not in fact take..."

36. Defendant repeatedly contacted Plaintiff and threatened Plaintiff with legal judgment and garnishment of her pay and, as a violation of the N.Y. Gen. Bus. § 601, the Plaintiff is entitled to damages from Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;
2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant;
3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant.
4. Actual damages from Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for Plaintiff;
5. Punitive damage; and
6. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: December 22, 2008

Respectfully submitted,

By _____
Sergei Lemberg (SL 6331)
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (877) 795-3666
Attorneys for Plaintiffs